EDWARD CONERY v. JOHN HOLMES, Recorder of Mortgages, et als.

An appellee in the Supreme Court cannot have the judgment altered in his favor, unless he files an answer asking such alteration, within the time prescribed by law.

Where several mortgagees sued the purchasers of mortgaged premises, under an order of sale issued on a prior mortgage, to recover the balance over the amount required to satisfy the amount of the mortgage on which the sale was made :

*Held :*—That the judgment of the District Court, ordering the money to be paid to the holder of the mortgage next to the first mortgage was correct.

APPEAL from the Second District Court of New Orleans, *Thomas*, J. *G. L. Bright*, for appellant. *H. C. Miller* and *B. Eagan*, for appellees.

HYMAN, C. J.   P. Lafon obtained an order of seizure and sale, commanding the sheriff to seize and sell certain lots in the city of New Orleans, to pay a debt owing by D. H. Jones to him.

These lots were mortgaged by Jones to Lafon, to secure the payment of the debt.

At the time the order was granted Jones was dead, and the proceedings were carried on against the executrix of his estate, Mrs. D. H. Jones.

At the sale under the order, plaintiff bought the lots for $4,100 50, and paid this sum to the sheriff.

The sheriff paid Lafon's claim, the taxes, and $309 20 to the attorney of the executrix. After these payments, there was a balance in the sheriff's hands of $1,700, which he returned to plaintiff.

Plaintiff instituted this suit, asking that the recorder be required to cancel the mortgages on the property bought by him, and averring that the sum he had in his possession was subject to the claims of the widow of the deceased Jones, and other mortgage creditors.

These creditors had mortgages which were subsequent to the mortgage of Lafon, the seizing creditor.

. These mortgage creditors answered, each claiming the sum in the possession of plaintiff. The widow, the executrix, also answered, and asked that the sum be paid to her, to be by her distributed to the creditors of the deceased Jones.

The District Judge rendered judgment, decreeing that plaintiff pay L. J. Webster, one of the mortgage creditors, the sum in his hands, $1,700 ; that, for this amount, Webster had a mortgage on the lots bought by plaintiff, and that, on the payment of this sum to Webster, the plaintiff was to be discharged from liability to the mortgage creditors of Jones, and the mortgages made by Jones in their favor to be cancelled and erased from the records of the Recorder of Mortgages.

From this judgment Elizabeth Plunket, one of the mortgage creditors, has alone appealed.

The judgment cannot be altered in favor of any of the appellees, as they have not filed answers in this Court, within the time prescribed by law, asking the reversal of the judgment because of its being prejudicial to them.   C. P. 888, 889, 890.

The appellant does not contend, in the brief filed by him, that Webster had not a mortgage on the lots, which was prior to and inscribed before hers, or that he should not be paid in preference to her; but she claims that the amount due to him does not equal the sum in plaintiff's hands, and that, therefore, the judgment of the lower Court is erroneous in allowing him to be paid · more than is owing him, to net the amount in plaintiff's hands.

M. B. Pierce obtained judgment in the District Court against D. H. Jones.

Jones took a suspensive appeal from the judgment, and Webster was his security on the appeal bond.

To indemnify Webster for his liability as security on this bond, Jones specially mortgaged to him the lots bought by plaintiff.

The judgment appealed from was affirmed, and Webster was bound as security on the appeal bond to pay the judgment.

The judgment was for more than $1,900, and Webster compromised his indebtedness as security by paying $1,600, and the costs, amounting to $143 05

The amount paid by Webster, as the security of Jones, exceeded the sum in the hands of plaintiff.

It is decreed that the judgment of the District Court be affirmed, and that appellant pay the costs of appeal.